**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JEFFREY R. SIMMERMAKER,

    Plaintiff - Appellant,

v.

DONALD TRUMP; UNITED STATES
ATTORNEY GENERAL; UNITED
STATES OF AMERICA; FEDERAL
BUREAU OF PRISONS; FEDERAL
CORRECTIONAL INSTITUTION-FCI
FLORENCE; CARTER, Warden-FCI
Florence,

    Defendants - Appellees.

No. 21-1123
(D.C. No. 1:20-CV-01671-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

Jeffrey Simmermaker, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his complaint asserting claims related to his prison's response to

the COVID-19 pandemic.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

The operative complaint decries the response by the Federal Correctional Institution located in Florence, Colorado (FCI Florence) to the COVID-19 pandemic, including its alleged failure to follow CDC guidelines regarding social distancing and its implementation of a policy that allegedly deprives inmates' access to musical instruments. As a legal basis for redress, the complaint invokes 18 U.S.C. §§ 3626 and 4042, "generally references the First Amendment, and uses language associated with the Eighth and Fifth Amendment doctrines of deliberate indifference, due process, and equal protection." R. at 283.

The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. It found that §§ 3626 and 4042 do not create a right of action. To the extent the complaint could be construed to bring constitutional claims, the court found the complaint failed to adequately allege any constitutional violation.

The district court dismissed Simmermaker's First Amendment allegations in part because the complaint did not allege Simmermaker "plays a musical instrument, or that his own freedom of expression has been curtailed by the alleged depravation," R. at 287, and in part because the complaint did not allege the prison's policy limiting access to musical instruments was unrelated to a legitimate penological interest. It dismissed Simmermaker's Eighth Amendment claim because the complaint did not allege prison officials knowingly disregarded the risks from COVID-19. The court determined that the complaint did not state a plausible Fifth Amendment due-process violation because it did not allege any practice at FCI

Florence was atypical in the prison setting. And the court held that the complaint failed to state a cognizable equal-protection claim because it did not allege Simmermaker is similarly situated with inmates who have been treated differently.

Simmermaker appeals the district court's dismissal of his complaint.

## II. Discussion

We review de novo a district court's dismissal for failure to state a claim. *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1169 (10th Cir. 2021). Because Simmermaker is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Our "broad reading of [Simmermaker's] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The district court's reasoned decision explains why Simmermaker's complaint fails to allege facts sufficient to state a claim. And Simmermaker does not point to any facts alleged in his complaint that would undermine the district court's reasoning. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). We affirm for substantially the reasons given by the district court.

3

### III. Conclusion

We affirm the district court's entry of final judgment.  We grant

Simmermaker's motion to proceed on appeal without prepayment of costs or fees.


Entered for the Court


Gregory A. Phillips
Circuit Judge